UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**FREIDA JOHNSON**                                                                                           **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 4:22-CV-P124-JHM**

**COMMONWEALTH OF KENTUCKY**                                                               **DEFENDANT**

### MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed.

### I.

Plaintiff Freida Johnson is incarcerated as a pretrial detainee at the Daviess County Detention Center (DCDC). She brings this action against the Commonwealth of Kentucky.

She makes the following allegations:

Malicious prosecution by Owensboro Police Officers for filing false charges to secure an arrest against me on multiple occasions I've a pending TBUT on Oct 10, 2022. Have no clue who the Owensboro Police Department ["OPD"] claims is the victim I stole a cell phone? I keep a cell phone. Why would I take someone elses. The [OPD] has been targeting me ever since I had my son['s] [] (homicide) investigated on June 25, 2018 there is a former Governor Steven Beshear with the KKK a domestic terrorist organization in my son murder that never got any justice . . . . I opened my own investigation and sent a 77 page open records request to State Attorney General Daniel Cameron Asst State Attorney Russell Coleman stated they do not initiate investigations into hate crimes and forward it to the [FBI] and City Attorney Mark Phiffr stated they do not see any police department misconduct in my son homicide case nor in the charges filed by the [OPD] that lied and said I hit my spouse whom was my boyfriend at the time with a "crowbar" and they don't need a witness or a weapon to charge me which proves my argument that I'm being targeted because I sent my son's case to Washington DC civil rights division and they are under investigation for domestic terrorist affilations grand larceny kickback abuse of power the [OPD] strong armed a family owned property at 604 Maple Street so it looks as if the are illegal enforcement involves conspiracy to conceal a murder for the KKK a domestic terrorist organization on June 10 2006 and former Governor Steven Beshear is in a photo selling out my family for the

KKK smiling as he thought he is above the law hiding a domestic terrorist organization is a federal office (18 USC 241 242) (18 U.S.C. 2000ee) just to name a few. The cornor ruled my son's death a homicide so how it is no one went to prison for his tragic death . . . . To stop me from pursuing justice for my son who is dead the [OPD] and the Commonwealth Attorney Michael Van Meter and Judges David Payne including Circuit Court Judge Lisa Payne Jones have been rearresting me on the same charge which is a false charge by police. Malicious prosecution since 2019 because I have them under investigation Karen Clarke Washington DC Asst State Maron Garland Office of Inspector General Homeland Security will step in once I get this to Washington DC on a writ of ceritori. For systemic racism the "Lanhams" KKK are anglo saxon and invented the poll tax and have murder raped and robbed African American people for too long. Even our children this needs to be addressed their committing crimes against humanity and the Commonwealth of Kentucky good ole boy system is racism (18 U.S. 2000 ee) public health and safety. It is illegal for police officers to falsify police reports to take a false statement by the alleged victim Albert Lee Shaw who was just let out of prison for a heinous crime against me he was not order to pay restitution he has been working with the police setting me up on false charges since June 15, 2018. He also has possession of my auntie Janice Shaws property whom she cut him out in 98. He has been very abusive and Judge David Payne Yewell and the [OPD] in CN 20-CI-01163 have violated my 8th Amendment and committed a crime of grand larceny upon the death of my Aunt Janice left everything to her heirs Albert Shaw was remarried to me when Judge David Payne refused to let me settle the state and gave property to Albert Shaw which is an abuse of power and conflict of interest on District Court Judge David Payne and he know this [.] Asking for RTN of 604 Maple to rightful heirs Freida Darlene Johnson and federal investigation into allegations I've made for possible criminal charges against the police and Judge David Payne CN 19-CR-00521, CN 19-CR-00523, CN 19-CR-00231.

As relief, Plaintiff seeks damages and additional injunctive relief in the form of "stopping the malicious attacks by Commonwealth of Kentucky against me" and "domestic terrorist affiliation and police homicide investigation reopened."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a

person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Commonwealth of Kentucky

The Commonwealth of Kentucky is not a proper Defendant in this action. Section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). The U.S. Constitution's "Eleventh Amendment bars such suits unless the State has waived its immunity or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Id.* (citations omitted). The Commonwealth of Kentucky has not waived its immunity, see *Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not override the traditional sovereign immunity of the states. *Will*, 491 U.S. at 66. Thus, Plaintiff's claims against the Commonwealth of Kentucky must be dismissed because they seek monetary relief from a defendant that is immune from such relief.

### B. Malicious Prosecution Claims

As to Plaintiff's malicious prosecution claims, Plaintiff has filed another action in this Court making essentially the same claims. *See Johnson v. Att'y Gen. Daniel Cameron et al.*, No. 4:22-cv-134-JHM. In that action, Plaintiff named the following as Defendants - Kentucky Attorney General Daniel Cameron, the City of Owensboro City Attorney Mark Phifer, Owensboro Police Department (OPD) Chief Art Elumn, Owensboro Mayor Tom Watson, and Governor Andy Beshear. In that action, many of Plaintiff's allegations involved the nature of the criminal charges brought against the two white people, who Plaintiff states are "white supremacists," who hit and killed her 14-year old son with their car in 2006. (DN 6, Memorandum Opinion). Plaintiff stated that she has been targeted since June 25, 2018, when she began her investigation into her son's

4

death, by the Commonwealth of Kentucky for pursuing justice. *Id*. She specifically alleged, "I'm not guilt[y] of these charges 19-CR-00231 19-CR-00523 19-CR-00521[.] These are trumped up charges by Owensboro Police Department and Albert Shaw." *Id*. Plaintiff also alleged that she had been "charged and convicted on multiple charges by the [OPD]" since she began her investigation into her son's death and that were it not for the "good ole boy system" and support for white supremacists she would not have been falsely charged. *Id*.

In its initial review of that action pursuant to 28 U.S.C. § 1915A, which the Court conducted on December 7, 2022, the Court held that Plaintiff's malicious prosecution claims had not accrued and would not accrue unless or until the charges against her are terminated in her favor. *Id*. (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)*; Heck v. Humphrey*, 512 U.S. 477, 484, 489-490 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."); *Rainey v. Ky.*, No. 3:19-CV-P835-DJH, 2021 U.S. Dist. LEXIS 6557, at *2 (W.D. Ky. Jan. 13, 2021) ("A malicious-prosecution claim accrues when the criminal proceedings are terminated in the criminal-defendant's favor.") (citing *King v. Harwood*, 852 F.3d 568, 578-79 (6th Cir. 2017)). Thus, because the state-court criminal actions cited by Plaintiff were still pending when the Court conducted its initial review, the Court dismissed the claims without prejudice to filing a new civil action when the charges against her have been terminated in her favor. *Id*.

A review of the dockets sheets in the three state-court criminal cases Plaintiff cites shows that they are still pending. https://kcoj.kycourts.net/CourtNet/Search/Index (accessed February 3, 2023). Thus, Plaintiff's malicious prosecution claims must be dismissed for the same reason they were dismissed in *Johnson v. Att'y Gen. Daniel Cameron et. al,* No. 4:22-cv-134-JHM.

### C. Request for Return of Property

The Court turns to Plaintiff's request that the Court order the return of property to her that was "taken" as part of a state-court action. The Court observes that Plaintiff has also filed another action in this Court pertaining to this claim. *See Johnson v. Commonwealth of Kentucky et al.*, No. 4:22-cv-P116-JHM. In that action, Plaintiff sued the Commonwealth of Kentucky, David Payne, Family Court Judge; attorney David Yewell; and Albert Shaw. She alleged that her rights were violated in the state family court case, No. 20-CI-01163, which involved a settlement related to residential property belonging to Plaintiff's aunt, Janice Shaw, who died in October 2017. According to Plaintiff, Janice Shaw had "left [the property] to her heirs not Albert Shaw," to whom Janice was married before or at that time of her death. (DN 6, Memorandum Opinion). She stated that Albert Shaw did not pay for the purchase or rehabilitation of the property and, according to Plaintiff, Albert would not have been the intended recipient of the property after Janice's death. *Id.* As relief, Plaintiff sought damages and injunctive relief in the form of "ceases and assist in sale of property."

Upon the Court's initial review of that action, which was conducted on January 10, 2023, the Court held as follows:

> The Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37, 40-41 (1971) "requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008). The Sixth Circuit has enunciated three factors used to determine whether to abstain from hearing a case pursuant to *Younger*: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *O'Neill*, 511 F.3d at 643. Here, although not clear, it may be that state family-court judicial proceedings are ongoing, and the Sixth Circuit has recognized that the realm of domestic relations is an important state interest. *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) ("These traditional domestic relations issues qualify as important state issues under the second element of *Younger*."). Further, Plaintiff has an adequate opportunity in the state proceeding to raise any constitutional challenges because

6

>nothing bars her from appealing a family court order or judgment to the Kentucky Court of Appeals.
>
>To the extent that the state-court case has concluded and Plaintiff is challenging the state court's final decision, the *Rooker-Feldman* doctrine prevents a federal district court from entertaining an appeal of a case already litigated in state court. "A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fid. Tr. Co.,* 263 U.S. 413 (1923)). Consequently, Plaintiff fails to state a claim for injunctive relief.

*Id*. For the same reasons, the Court concludes that Plaintiff has failed to state a claim for injunctive relief for the return of the property in this action.

### D. Remaining Claims for Injunctive Relief

Finally, the Court turns to Plaintiff's request that this Court initiate a criminal investigation into the police and judges who have charged her with crimes since 2018 and reopen the "homicide" investigation into her son's murder. "A district court lacks authority to order a criminal investigation or prosecution." *Kuilan v. Zimmerman*, No. 22-5331, 2022 U.S. App. LEXIS 29631, at *2 (6th Cir. Oct. 24, 2022); *see also United States v. Trevino*, 7 F.4th 414, 421 (6th Cir. 2021) (quoting *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."). This Court likewise has no authority to order that a state-court action be reopened. Thus, these claims for injunctive relief must be dismissed for failure to state a claim upon which relief may be granted.

## IV.

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date: February 7, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.011